IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON C. JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| JONATHON BRYANT, ) | |
| and MATTHEW HASSEL in his Official Capacity ) | |
| as the Sheriff of the Marshall County, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

### I. Introduction

1. The Plaintiff brings this Complaint against the Defendants pursuant to 42 U.S.C. § 1983 to redress the deprivation of his rights, privileges, and immunities under the laws of the United States of America and the State of Indiana.

2. The Plaintiff seeks to recover damages that he sustained as the result of the Defendants' reckless and/or willful and wanton violation of the Plaintiff's rights, privileges, and immunities under the laws of the United States of America and the State of Indiana.

### II. Jurisdiction and Venue

3. This Honorable Court has jurisdiction over this case under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States of America.

4. This Honorable Court has jurisdiction over this case under 28 U.S.C. § 1343 because this is a civil action to recover damages for the deprivation of rights, privileges, and immunities secured by the Constitution of the United States and Acts of Congress.

5. Under 28 U.S.C. § 1391, the Northern District of Indiana is the proper venue for

this case because it is the judicial district in which the events and omissions that gave rise to the Plaintiff's claims occurred, the property that is the subject of this action is situated, and the Defendants resided at the time that the events and omissions that gave rise to the Plaintiff's claims occurred.

### III.  Parties

6. Plaintiff, Jason C. Joseph, is currently an inmate with the Indiana Department of Corrections. He is a citizen of the United States of America, normally residing in Marshall County, Indiana.

7. Defendant Jonathon Bryant (hereinafter referred to as "Mr. Bryant") is being sued individually and in his official capacity as a deputy law enforcement officer for the Marshall County Sheriff's Department. At the time that the events giving rise to this action took place, he was acting under the color of state law as a law enforcement officer for the Marshall County Sheriff's Department. He was responsible for the enforcement of the United States Constitution, the Constitution of the State of Indiana, and all laws and regulations of the United States and the State of Indiana. His conduct was reckless, willful, and deliberately indifferent to the rights of the Plaintiff.

8. Defendant Matthew Hassel (hereinafter referred to as "Mr. Hassel") is being sued in his official capacity as the Sheriff for Marshall County. Mr. Hassel was not the Sheriff at the time of the incidents related within this Complaint, and is not being sued in a personal capacity for any personal involvement he may have had.  The position of Sheriff of Marshall County is responsible for the enforcement of the United States Constitution, the Constitution of the State of Indiana, and all laws and regulations of the United States and the State of Indiana. TheSheriff for the Marshall County Sheriff's Department, is responsible for establishing and implementing

policies, practices, procedures, and customs used by law enforcement officers employed by the Marshall County Sheriff's Department regarding arrests, as well as the confinement and treatment of prisoners within the County Jail.

### IV.  General Factual Allegations

9. On September 17, 2016, Plaintiff Jason C. Joseph was riding in a vehicle in Marshall County which was pulled over for a traffic violation.

10. Jason C. Joseph has recently been released from a hospital, and was dealing with painful complications stemming from deep vein thrombosis in his lower leg.

11. During the course of this traffic stop, it was determined that an active warrant had been issued for Jason C. Joseph in relation to a parole violation.

12. Defendant Mr. Bryant was on scene to make the arrest of Jason C. Joseph. At the time, Mr. Bryant was working in his capacity as a Sheriff's officer for the Marshall County Sheriff's Department.

13. At all times, Jason C. Joseph was compliant with officer instructions, and calmly exited the vehicle in order to get down face first on the ground.

14. As part of the arrest, Mr. Bryant violently climbed upon Mr. Joseph's person, and handcuffed him behind his back in an aggressive fashion. After handcuffing Mr. Joseph, Mr. Bryant violently pulled Mr. Joseph up from the ground by his handcuffed hands and wrists. The force of this violent fashion of pulling a compliant Mr. Joseph up from the ground was wholly unnecessary, unwarranted, and unreasonable.

15. As a result of this action, Mr. Joseph immediately cried out in pain. The force of Mr. Bryant's violent action caused multiple fractures within the fourth and fifth metacarpal heads of Mr. Joseph's right hand.

16. When Mr. Joseph complained of the pain in his hand, Mr. Bryant responded by laughing at Mr. Joseph and informing him that he would no longer be using that hand to commit crimes.

17. Mr. Joseph was booked into the Marshall County Jail awaiting transportation to the Indiana Department of Corrections. Throughout his booking and his stay within the jail, Mr. Joseph continued to make complaints of the pain in his right hand.

18. Mr. Joseph was placed into solitary custody and was not allowed access to other inmates during several days that he waited at the Marshall County Jail for transportation. He was sent to the local hospital for medical treatment, but was only provided medical treatment for his ongoing complications with deep vein thrombosis.

19. Throughout the time of his stay at Marshall County Jail, Mr. Joseph continued to make complaints to jail personnel, including Mr. Bryant, in relation to the painful injury in his hand. Mr. Bryant and other officers refused to provide Mr. Joseph with medical treatment for his hand, and refused to allow medical personnel to treat or examine his hand.

20. Despite making continued complaints in relation to his treatment and requests to fill out complaint forms, Mr. Bryant and the other officers of the Marshall County Jail refused to comply with such requests.

21. On September 23, 2016, nearly six days after being arrested, Mr. Joseph was transferred to the custody of the Indiana Department of Corrections. Upon being processed, it was discovered that Mr. Joseph arrived at the corrections center with an injury to his right hand.

22. The Indiana Department of Corrections and their personnel provided Mr. Joseph with medical treatment for the hand injury, ultimately resulting in an x-ray which occurred on September 26, 2014, which confirmed that recent fractures had occurred within the hand.

23. The nature of the injury necessitated months of treatment and physical therapy for Mr. Joseph, and has resulted in a permanent deformity of his hand.

## V. Causes of Action

### Count I – Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983

### Excessive Force and Deliberate Indifference of Mr. Bryant

24. In committing the acts complained of herein, Defendant Mr. Bryant acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States including, but not limited to the right not to be deprived of liberty without due process of law, and the right to be free from excessive use of force by persons acting under color of state law.

25. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendant Mr. Bryant acted under color of state law by violently and maliciously using excessive force to cause an injury to a compliant individual who was not resisting arrest. This is a direct violation of Plaintiff's rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

26. As a direct and proximate result of the violation of the Plaintiff's constitutional rights by the Defendant, Plaintiff has suffered damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

27. The conduct of the Defendant was willful, malicious, oppressive and/or reckless, and conducted with deliberate indifference to the Plaintiff's rights in such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### Count II – Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983

### Municipal Liability

28. All of the actions alleged within this Complaint against were conducted under color of state law. Said conduct included subjecting the Plaintiff to excessive force, and by deliberately refusing to provide the Plaintiff with access for medical care to his injured hand, causing him to be deprived of medical treatment for multiple fractures for nearly a week. All of these actions were done in a fashion which violated Plaintiff's Constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

29. Throughout Mr. Joseph's time within the custody of the Marshall County Sheriff's Department, despite being cognizant of the need for medical treatment for Mr. Joseph's injuries, the Marshall County Sheriff's Department failed to properly provide medical care to Mr. Joseph's hand injuries. Such conduct represents a deliberate indifference to the health and welfare of an individual in custody.

30. Marshall County's Sheriff's Department implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, allowing employees of the Marshall County Sheriff's Department to brutalize a citizen within their custody, and to repeatedly fail to provide him with needed medical treatment.

31. The failure of the Sheriff to adequately train and supervise the deputy law enforcement officers of the Marshall County Sheriff's Department, including Mr. Bryant, amounts to deliberate indifference to the rights of the Plaintiff.

32. As a direct and proximate result of the violation of the Plaintiff's constitutional rights by the Defendants, Plaintiffs have suffered damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

33. The conduct of the Defendants was willful, malicious, oppressive and/or reckless, and conducted with deliberate indifference to the rights, health, or welfare of the Plaintiff.

### Count III – Indiana Tort Claim for Assault and Battery

34. The actions of Defendant Bryant constitute the common law torts of assault and battery against Mr. Joseph.

35. As a direct and proximate result of the actions of the Defendant, Plaintiff Mr. Joseph was assaulted, injured, and suffered physical and emotional harm.

36. That at all times, Mr. Bryant was working within the course and scope of his job duties for the Marshall County Sheriff's Department.

37. The conduct of the Defendants was willful, malicious, oppressive and/or reckless, and conducted with deliberate indifference to Mr. Joseph's rights, health, or welfare in such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### Prayer for Relief

Wherefore, the Plaintiff respectfully requests this Court to:

a. Enter a judgment in favor the Plaintiff and against Defendants;

b. Enter an order declaring Defendants' misconduct unconstitutional;

c. Award Plaintiff compensatory damages for physical harm, personal injuries, severe emotional distress, psychological harm, permanent physical impairment, expenses, and the past and future physical and mental pain and suffering the Plaintiff has incurred;

d. For an award of punitive damages against the Defendants as may be allowed under the law;

e. For an award of attorney's fees and reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. § 1988;

  f.  For any and all other further and general relief to which the Plaintiff may be entitled; and

  g.  For the costs of this action.

## JURY DEMAND

With respect to the allegations set forth above, the Plaintiff requests a trial by jury.

             Respectfully submitted,

             /s/ Bradley P. Colborn
             Bradley P. Colborn (28501-20)
             Anderson • Agostino & Keller, P.C.
             131 South Taylor Street
             South Bend, Indiana 46601
             Telephone: (574) 288-1510
             Facsimile: (574) 2881650
             Email: colborn@aaklaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 16th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.

             /s/ Bradley P. Colborn
             Bradley P. Colborn (28501-20)