# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JASON C. JOSEPH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-617-JEM |
| | ) | |
| JONATHAN BRYANT and MATTHEW | ) | |
| HASSEL, in his Official Capacity as the | ) | |
| Sheriff of Marshall County, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 24], filed on April 6, 2018. For the following reasons, the motion is granted in part and denied in part.

**I.  Procedural Background**

On September 16, 2016, Plaintiff Jason C. Joseph filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Jonathan Bryant used excessive force in arresting him, and that the Marshall County Sheriff's Department deprived him of medical treatment for his injured hand. Plaintiff also made claims for assault and battery under Indiana tort law, arising from the same incident. On April 6, 2018, Defendant filed a Motion for Summary Judgment. Plaintiff filed a response on June 4, 2018, and on June 15, 2018, Defendant filed a reply.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.  Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party

to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter, but to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### III.     Material Facts

Plaintiff was a passenger in a truck that was pulled over by officers from the Marshall County Sheriff's Department on September 17, 2014. In the moments before the arrest, the Sheriff's Department's car followed the truck containing Plaintiff into a parking lot, where the truck eventually stopped. Defendant Jonathon Bryant, the Sheriff's Department officer, approached the truck. Bryant opened the door, physically removed Plaintiff from the vehicle, handcuffed him, and placed him face down on the ground. Plaintiff did not resist at any point, and he alleges that Bryant broke his right hand during the arrest. Although Plaintiff maintains that he told Bryant about the injury during the arrest, Bryant denies that.

After his arrest on September 17, Plaintiff was taken to the Marshall County Jail. Plaintiff alleges that he told various jail employees and a jail nurse about pain in his hand, and that he repeatedly asked for a grievance form, but was refused one. On September 20, 2014, Plaintiff was taken to St. Joseph Regional Medical Center-Plymouth for emergency treatment for deep vein thrombosis in his leg, a condition unrelated to his arrest. Plaintiff was examined at the hospital, and the examination records do not reflect an injury or complaint of pain in Plaintiff's hand. On September 23, 2014, Plaintiff was transferred to the custody of the Indiana Department of Correction ("IDOC"), and was sent to the IDOC's Reception Diagnostic Center ("RDC"). Plaintiff maintains that upon arriving, he told IDOC medical staff that he had hurt his hand during the arrest. The medical records maintained by the IDOC state that Plaintiff reported having injured his right hand in a fight. The intake nurse at the RDC ordered x-rays of Plaintiff's right hand, and Plaintiff's treating physician at the RDC diagnosed a broken hand (a "nondisplaced slightly angulated fracutre through the neck/head of the 4th digit metacarpal").

IV.     **Analysis**

Defendants move for summary judgment on Plaintiff's claims arising under 42 U.S.C. § 1983 and state law claims of assault and battery. Defendants argue that Bryant is entitled to summary judgment because he did not violate Plaintiff's Fourth Amendment rights during his arrest, and in the alternative, argue that Bryant is entitled to qualified immunity.

A. <u>Excessive Force Claim</u>

When a plaintiff alleges excessive force during an arrest, the officer's conduct is assessed using the Fourth Amendment's "reasonableness" standard. A police officer's use of force is unconstitutional if "judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 486 (7th Cir. 2011). The nature and extent of the force that constitutes "reasonable" force depends on the specific circumstances of the arrest, including the severity of the crime, the threat posed to the officers, and whether the suspect is trying to resist or flee. *Weinmann v. McClone,* 787 F.3d 444, 448 (7th Cir. 2015); *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012). The plaintiff does not need to sustain an injury from the arrest. *See, e.g.*, *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009) ("Plaintiffs need not show physical injury in order to sustain an excessive force claim."); *Chelios v. Heavener*, 520 F.3d 678, 690 (7th Cir. 2008) (collecting cases); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 470 n.3 (7th Cir. 1997) ("an excessive force claim does not require an injury").

Defendants argue that the force used to arrest Plaintiff was reasonable. Defendants submit, as an exhibit to their Motion, video taken from cameras within the Sheriff Department's car. The video indicates that the truck did not immediately pull over when the police car approached. However, by the time both vehicles stopped, Plaintiff was not trying to evade or resist. The video

5

shows Defendant Bryant rapidly approaching the truck. Bryant states that he was yelling at Plaintiff as he approached the truck, but the scene was unfolding "quickly." It is unclear whether Plaintiff would have been had time to step out of the truck on his own.

In deposition testimony, Bryant stated that he "performed a light cover" of Plaintiff's right hand, took Plaintiff's arm using an "arm-bar technique," and "slowly and lightly placed Plaintiff face down on the ground" so that he could be handcuffed. Bryant specifically denies "yanking" or "pulling" Plaintiff while he was inside the truck. Plaintiff, at various stages of the litigation, has presented different theories of how he was taken from the truck. In his response to the instant Motion, Plaintiff says that he "is not certain as to the exact moment or exact mechanism of how his hand was hurt while being pulled from the vehicle," but is "adamant that it was hurt by Officer Bryant during the time when he pulled [Plaintiff] from the vehicle to the ground, and handcuffed him." The video is inconclusive because another officer partially obscures the view of the camera at the moment Plaintiff is removed from the truck. The video does confirm that Bryant reached in and pulled Plaintiff's right hand, but does not clearly show how Plaintiff was moved from the truck to the ground.

Resolving all inferences in Plaintiff's favor, there is a reasonable issue of fact as to whether the force Bryant used could have been a violation of Plaintiff's Fourth Amendment rights. Plaintiff was not armed and was not resisting. Bryant states that from the police car, he observed Plaintiff making "furtive" movements, and Bryant knew that Plaintiff had the "ability to possess and access firearms" because Plaintiff had told him during a prior interaction in 2012 that he had used firearms. But when Bryant arrived at Plaintiff's door, Plaintiff was not carrying a gun and his hands were where the officer could see them. There is a genuine issue of fact as to whether, at that point, a

6

reasonable officer would simply have asked Plaintiff to step out of the truck, given that he was not armed, not resisting, and not trying to flee.

B. <u>Qualified Immunity</u>

Defendant argues that even if Bryant's arrest violated Plaintiff's Fourth Amendment rights, Bryant is entitled to qualified immunity. "[P]ublic officials performing discretionary functions are protected against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Maxwell v. City of Indianapolis*, 998 F.2d 431, 435 (7th Cir. 1993) (citing *Doe v. Bobbitt*, 881 F.2d 510, 511 (7th Cir. 1989)). To defeat a defense of qualified immunity, a plaintiff must either point to a closely analogous case that established a right to be free from the type of force in question, or show that the force was so plainly excessive that, as an objective matter, the officer would have been on notice that he was violating the Fourth Amendment. *Weinmann*, 787 F.3d at 450 (citing *Findlay v. Lendermon*, 722 F.3d 895, 899 (7th Cir. 2013)); *Chelios*, 520 F.3d at 691 (citing *Clash v. Beatty*, 77 F.3d 1045, 1047-48 (7th Cir. 1996)). If there is no controlling precedent, the Court must look to relevant case law to determine "whether there was such a clear trend in the case law . . . that the recognition of the right by a controlling precedent was merely a question of time." *Phillips*, 678 F.3d at 528 (citing *Estate of Escobedo v. Butler*, 600 F.3d 770, 781 (7th Cir. 2010)); *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000).

Plaintiff's argument is insufficient to defeat Bryant's defense of qualified immunity. First, Plaintiff has not pointed to a "closely analogous case" establishing that he had a right not to be pulled from the truck. Plaintiff cites to *Phillips v. Community Insurance Corporation*, 678 F.3d 514, and cases discussed therein, which ban the use of "significant force" if the arrestee is not resisting.

*Phillips* itself is not analogous: in that case, the officer shot the plaintiff with an SL6 baton launcher, which fired bean-bag rounds "with force equivalent to a .44 magnum pistol . . . [tearing] flesh from [the plaintiff's] ankle." *Id*. at 521-22. The cases Plaintiff cites do not establish that pulling Plaintiff from the car would constitute "significant force." The case Plaintiff cites with the most closely analogous factual situation is *Smith v. Ball State*, 295 F.3d 763 (7th Cir. 2002). In *Smith*, two officers "forcibly removed" the unresponsive plaintiff from a vehicle, a third officer tackled him, and the three officers "held [the plaintiff's] face to the ground and handcuffed him," leaving him with "scratches and bruises on his face, marks on his wrists from the handcuffs and a marble-sized bump on his head." *Id*. at 766-67. The Seventh Circuit Court of Appeals concluded that this was "minimal" force, reasonable under the circumstances, and did not constitute a Constitutional violation. *Id*. at 771. On this basis, there is no "clear trend in the case law" establishing that Bryant's actions violated the Fourth Amendment. *Phillips*, 678 F.3d at 528.

Nor has Plaintiff demonstrated a triable issue of fact that Bryant broke Plaintiff's hand. There is no evidence on the police car video of any pain or injury to Plaintiff's hand, or any complaint of pain or injury, during or after the arrest on September 17. Although Plaintiff claims that he told Bryant and jail intake staff about his injury, there is no record of any such complaint. On September 20, he was taken to an emergency room in a hospital, where he was examined by a doctor, and the records of that examination do not reflect any pain or injury in the hand or wrist. On September 23, Plaintiff was taken to the RDC, where the intake staff noticed that his hand was swollen. The RDC's records indicate that Plaintiff told RDC staff he injured his hand in a fight. Plaintiff's treating physician at the jail testified that the type of fracture he sustained was caused by Plaintiff making a fist and making contact with a solid object, not by another person "pulling" or "yanking" his hand,

8

and that the symptoms would appear "within minutes to hours at the most" (and thus would have been visible in the emergency room on September 20 if the injury was sustained on September 17). Because the record clearly contradicts Plaintiff's allegations, they do not create a triable issue of fact. *See William Charles Constr. Co., LLC v. Teamsters Local Union 627,* 827 F.3d 672, 679 (7th Cir. 2016) (holding that when one party's account is "blatantly contradicted by the record," a court should not adopt that account in deciding a motion for summary judgment) (citing *Scott v. Harris,* 550 U.S. 372, 380 (2007)).

C. Official Capacity Claims

Plaintiff has also sued Bryant and Sheriff Hassel in their official capacities, arguing that the Marshall County Sheriff's Department had a policy, practice or custom of denying inmates medical care and failing to train its officers not to use excessive force. Plaintiff's official capacity claims against the individuals operate as claims against the Sheriff's Department itself. *See Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) ("An official capacity claim against an individual defendant constitutes a claim against the government entity itself."). However, in his response, Plaintiff concedes that summary judgment for Defendants is appropriate.

D. State Law Claims

Finally, Defendants seek summary judgment on Plaintiff's state law claims of assault and battery. In his response to Defendants' motion, Plaintiff clarified that he was not seeking to bring claims against Bryant in his individual capacity, but rather against the Sheriff's Department based on *respondeat superior* liability. If a police officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery; immunity under the Indiana Tort Claims Act does not apply to excessive force claims. *Thompson v. City of Indianapolis*, 208 F. Supp. 3d 968, 977 (S.D.

9

Ind. 2016); *Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 866 (S. D. Ind. 2006). Indiana's standard for excessive force effectively parallels the federal standard. *Thompson*, 208 F. Supp at 977; *Brooks v. Anderson Police Dep't*, 975 N.E.2d 395, 399 (Ind. Ct. App. 2012) ("Any claim that excessive force was used by a police officer when making an arrest is analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution."). As with a Fourth Amendment violation, the plaintiff does not need to sustain a physical injury: "[a] touching, however slight, may constitute an assault and battery." *Knight v. Indiana Ins. Co.*, 871 N.E.2d 357, 362 (Ind. Ct. App. 2007).

Because Plaintiff has shown a triable issue of fact as to whether Bryant used more force than was reasonably necessary, and because Plaintiff does not need to prove that Bryant broke his hand to sustain a claim for assault and battery, summary judgment is not appropriate on Plaintiff's state law tort claims.

## V. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Defendants' Motion for Summary Judgment [DE 24]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants as to Counts I and II of Plaintiff's complaint. Count III, including Plaintiff's state law claims for assault and battery, remains pending.

So ORDERED this 25th day of October, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record